IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 18-cv-2265-WJM-SKC

SAMSONITE, LLC,

    Plaintiff,

v.

PEGGY HELEM and
JANET HELEM,

    Defendants.

**ORDER GRANTING MOTION TO DEPOSIT FUNDS AND FOR DISMISSAL**

    This is an interpleader lawsuit under 28 U.S.C. § 1335, in which the two Defendants contest each other's entitlement to a survival benefit owed by Plaintiff to whichever of the Defendants is properly deemed to be the survivor of Plaintiff's now-deceased former employee. Currently before the Court is Plaintiff's Unopposed Motion to Deposit Funds and for Dismissal. (ECF No. 22.) Plaintiff proposes to deposit $7,439.52 into the Court's registry (representing past-due benefits and future benefits through March 2020) and then to have itself dismissed, leaving only Defendants to continue the dispute. The Court will grant the motion.

    The jurisdictional standard for interpleader has three elements: (1) two or more persons who assert competing entitlements to "money or property of the value of $500 or more" held by a third party; (2) diversity of citizenship, as defined by 28 U.S.C. § 1332(a) or (d), between the competing claimants; and (3) the third party—who becomes the interpleader-plaintiff—pays the disputed money, or the value of the disputed property,

into the Court's registry, or gives a bond payable to the Clerk of Court for the appropriate amount "conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy." 28 U.S.C. § 1335(a). A disinterested interpleader-plaintiff—one who has no claim of its own on the disputed money—may be dismissed after depositing the money in the Court's registry. *See Hudson Savings Bank v. Austin*, 479 F.3d 102, 107 (1st Cir. 2007); *General Atomic Co. v. Duke Power Co.*, 553 F.2d 53, 56 (10th Cir. 1977); *cf.* 28 U.S.C. § 2361 (permitting district courts to, among other things, "discharge the plaintiff[-in-interpleader] from further liability").

Here, Defendant Peggy Helem is a Colorado resident and Defendant Janet Helem is a Missouri resident. (ECF No. 1 ¶¶ 5–6.) They both married Charles Helem, although the marriages were thirteen years apart and Charles apparently did not obtain a divorce before the second marriage. (*Id.* ¶¶ 15–17.) Charles's former employer—the Plaintiff here—owes a monthly benefit of $309.98 to whichever of Charles's two wives is deemed his "survivor," up through that survivor's death. (*Id.* ¶¶ 10, 14.) That benefit has been accruing since April 2018. (*Id.* ¶¶ 10, 12.) Plaintiff therefore owes an amount well more than $500 to one of the two Defendants.

In this light, the only remaining jurisdictional requirement is for Plaintiff to put the disputed amount in the Court's control, which Plaintiff proposes to do in the motion at issue. The Court finds that the proposal to deposit $7,439.52, representing past-due and a little over a year's worth of future benefits, is a reasonable amount to deposit, particularly given that Defendants do not oppose. The Court will nonetheless retain jurisdiction over Plaintiff to the extent additional amounts may need to be deposited if the

dispute between Defendants lasts longer than expected.

The Court further finds that Plaintiff is disinterested and so should be dismissed, subject to retention of jurisdiction just mentioned and Plaintiff's obligation to abide by the Court's judgment regarding the proper beneficiary of the survivor benefit.

Accordingly, the Court ORDERS as follows:

1. Plaintiff's Unopposed Motion to Deposit Funds and for Dismissal (ECF No. 22) is GRANTED;

2. Plaintiff shall deposit $7,439.52 into the Court's registry no later than **February 13, 2019**; and

3. Upon timely deposit of that amount into the Court's registry, Plaintiff is DISMISSED, subject to the Court's continuing jurisdiction to order further amounts deposited into the registry and Plaintiff's obligation to abide by the Court's judgment in this case.

Dated this 30th day of January, 2019.

BY THE COURT:

_____
William J. Martinez
United States District Judge